NO. 07-05-0155-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 13, 2005

_____

CHRISTOPHER WAYNE McCOY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 174th DISTRICT COURT OF HARRIS COUNTY;

NO. 999635; HON. GEORGE H. GODWIN, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.[1]

Appellant Christopher Wayne McCoy appeals from a judgment convicting him of aggravated sexual assault of a child. The reporter's record is due in this cause. An extension of the applicable deadline was sought by the court reporter. The reporter, by letter dated June 3, 2005, represented to us that she has not been contacted by anyone to prepare a reporter's record in this case and she will not be filing a reporter's record.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

Accordingly, we now abate this appeal and remand the cause to the 174th District Court of Harris County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent; and,

3. whether appellant is entitled to appointed counsel and a free appellate record.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a supplemental reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Should it be determined that appellant wishes to prosecute the appeal, is indigent, and is entitled to an appointed attorney but has none, then the trial court shall appoint counsel, unless appellant knowingly and voluntarily waives counsel. Furthermore, the name, address, and phone number of any counsel appointed by the trial court to represent appellant shall be included in the supplemental record. The trial court shall also file both supplemental records with the clerk of this court on or before July 11, 2005. Should further time be needed by the trial court to perform these tasks, then it must be requested before July 11, 2005.

It is so ordered.

Per Curiam

Do not publish.

2